# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CHASE BREWSTER, a Texas resident, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00677-JRG |
| PROPLAYER ATHLETICS, LLC, a Nebraska limited liability company, DECKER SPORTS, USA, LLC, a Nebraska limited liability company, and TIM DECKER, a Nebraska resident, | § § § § § § § | |
| *Defendants*. | § § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Corrected Motion of Improper Venue and to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (the "Motion") filed by Defendants ProPlayer Athletics, LLC; Decker Sports, USA, LLC; and Tim Decker (collectively "Defendants"). (Dkt. No. 10.) In the Motion, Defendants seek to transfer the above-captioned case to the United States District Court for the District of Nebraska pursuant to a forum selection clause. Having considered the Motion, the Court finds that it should be and hereby is **DENIED**.

I.   BACKGROUND

Plaintiff Chase Brewster ("Plaintiff") (collectively with Defendants, the "Parties") filed the original complaint in the above-captioned case on August 16, 2024. (Dkt. No. 1.) In the Complaint, Plaintiff asserts claims of breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, negligent misrepresentation, fraudulent misrepresentation, fraudulent inducement, and intentional infliction of emotional distress. (Dkt. No. 1 ¶ 1.) Plaintiff alleges that "[t]he Parties entered into an April 12, 2023, Asset Purchase Agreement and Promissory Note

wherein Defendants agreed to pay Plaintiff for the sale of his assets in the Sticks Baseball program to [ProPlayer Athletics, LLC]." (*Id.* ¶ 2.) Plaintiff alleges that "Defendants agreed to pay Plaintiff in ninety-six payments starting in April 2023 until March 2031 for a total of $1,273,729.34 in principal and interest, but after only a few payments, Defendants stopped paying Plaintiff." (*Id.* ¶ 3.)

Plaintiff attached the Asset Purchase Agreement ("APA") and Promissory Note ("Note") signed by Plaintiff and one of Defendants' representatives to the Complaint. (Dkt. No. 1-1 (APA); Dkt. No. 1-3 (Note).) Relevant here, the APA includes the following provision:

> **Section 7.08 Governing Law; Submission to Jurisdiction; Waiver of Jury Trial.**
>
> (a) All matters arising out of or relating to this Agreement shall be governed by and construed in accordance with the internal laws of the State of Nebraska without giving effect to any choice or conflict of law provision or rule (whether of the State of Nebraska or any other jurisdiction). Any legal suit, action, proceeding, or dispute arising out of or related to this Agreement, the other Transaction Documents, or the transactions contemplated hereby or thereby may be instituted in the federal courts of the United States of America or the courts of the State of Nebraska in each case located in the city of Omaha and county of Douglas, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, proceeding, or dispute.

(Dkt. No. 1-1 at 16.)

On September 11, 2024, Defendants filed the Motion, seeking to transfer the case to the United States District Court for the District of Nebraska. (Dkt. No. 10.)

## II.     LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A case may also be transferred under § 1404(a) if there is an applicable forum selection clause. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S.

49, 52 (2013). If a party files such a motion to transfer, then "proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* Courts in the Fifth Circuit apply a "strong presumption" in favor of enforcing mandatory forum-selection clauses. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768, 773 (5th Cir. 2016) (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962-63 (5th Cir. 1997)).

A forum selection clause is mandatory when it "affirmatively requires that litigation arising from the contract be carried out in a given forum." *Id.* at 768. A forum selection clause is merely permissive, however, if it only waives personal jurisdiction and venue objections when the litigation is brought in the specified forum. *Id.* A forum selection clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum." *Id.* (emphasis in original). Notably, "language merely indicating that the courts of a particular place 'shall have jurisdiction' (or [something] similar) is insufficient to make [a forum selection clause] mandatory." *Id.*

### III. DISCUSSION

In the Motion, Defendants argue that "Plaintiff agreed to the mandatory forum-selection clause when he entered into the APA." (Dkt. No. 10 at 4.) Defendants argue that "[t]he parties agreed that any legal suit, action, proceeding, or dispute arising out of or related to the APA, the other Transaction Documents, or the transactions contemplated therein would be brought in the state or federal courts located in the city of Omaha and county of Douglas." (*Id.* (citing Dkt. No. 1-1 § 7.08(a)).)

Plaintiff responds that the APA's forum selection clause is permissive. (Dkt. No. 11 at 2-3.) Plaintiff argues that "[t]he language of the Note's forum selection clause is consistent with the language of the APA's forum selection clause" and "provides context and clarification to the permissive 'may be' language appearing in both forum selection clauses." (*Id.*) Plaintiff also argues

3

that to the extent the Court finds the clause ambiguous, the Court should construe any ambiguity against Defendants. (*Id.* at 3.)

Defendants' reply reemphasizes their argument that the forum selection clause is mandatory. (Dkt. No. 12 at 3-4.) Defendants argue that the language of the APA's forum selection clause is controlling, and the Court need not consider the language of the Note's forum selection clause. (*Id.* at 1-2.) Defendants also argue that if the Court finds the forum selection clause ambiguous, the Court should resolve the ambiguity in Defendants' favor because the Parties mutually bargained for the APA. (*Id.* at 4.)

Plaintiff's sur-reply reemphasizes his arguments that the forum selection clause is permissive, and he properly filed the above-captioned case in this District. (Dkt. No. 14.)

Plaintiff does not dispute that his claims fall within the scope of the APA's forum-selection clause or that the clause is enforceable. Instead, the Parties' sole dispute concerns the proper classification for the forum selection clause: Defendants insist it is mandatory, while Plaintiff says it is permissive.

### A.   What Substantive Law to Apply

The Court must determine what substantive law applies before assessing whether the forum selection clause is mandatory or permissive. In diversity cases such as this one, federal law applies when determining whether a forum selection clause is enforceable. *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016); *see also Weber*, 811 F.3d at 770. "A federal court sitting in diversity applies the forum state's choice-of-law rules to determine which substantive law will apply," even when there is a choice of law provision. *Weber*, 811 F.3d at 770-71 (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)).

Here, because this action was brought in a Texas federal court, the Court must apply Texas choice-of-law rules. *See id.* at 771. "Texas law gives effect to choice of law clauses regarding

construction of a contract." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003) (citing *In re J.D. Edwards World Sols. Co.*, 87 S.W.3d 546, 549 (Tex. 2002)).

In the APA, the Parties negotiated a choice of law clause. The APA states that: "this Agreement shall be governed by and construed in accordance with the internal laws of the State of Nebraska without giving effect to any choice or conflict of law provision or rule (whether of the State of Nebraska or any other jurisdiction)." (Dkt. No. 1-1 § 7.08(a).) Since Texas choice of law rules give effect to parties' choice of law clause, the Court will apply Nebraska substantive law to interpret the APA.

### B. Whether the Forum Selection Clause is Mandatory or Permissive

"Under Nebraska law, when interpreting contract language, the court 'must first determine, as a matter of law, whether the contract is ambiguous.'" *B. Thomas & Co. v. Universal Warranty Corp.*, 3 F.4th 1032, 1036 (8th Cir. 2021) (quoting *Bierman v. Benjamin*, 305 Neb. 860, 943 N.W.2d 269, 274 (2020)). "When the terms of a contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as an ordinary or reasonable person would understand them." *Bierman*, 943 N.W.2d at 274.

The Court finds that the language of the APA's forum selection clause is not ambiguous, and it must be enforced according to its terms. The relevant portion of the APA's forum selection clause states:

> Any legal suit, action, proceeding, or dispute arising out of or related to this Agreement, the other Transaction Documents, or the transactions contemplated hereby or thereby may be instituted in the federal courts of the United States of America or the courts of the State of Nebraska in each case located in the city of Omaha and county of Douglas, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, proceeding, or dispute.

(Dkt. No. 1-1 § 7.08(a).) This portion of the APA's forum selection clause is a compound sentence consisting of two independent clauses separated by a comma and the conjunction "and." The first

independent clause provides that "*[a]ny legal suit, action, proceeding, or dispute* arising out of or related to this Agreement, . . . *may be instituted* in the federal courts of the United States of America or the courts of the State of Nebraska in each case located in the city of Omaha and county of Douglas . . . ." (Dkt. No. 1-1 § 7.08(a) (emphasis added).) The second independent clause provides that the Parties "irrevocably submit[] to the exclusive jurisdiction of such courts in *any such suit, action, proceeding, or dispute*." (*Id.* (emphasis added).)

The Court concludes that the forum selection clause permits but does not mandate venue be fixed "in the federal courts of the United States of America or the courts of the State of Nebraska in each case located in the city of Omaha and county of Douglas" by virtue of the word "may." Giving the language of the forum selection clause its ordinary and normal meaning and giving meaning to every word in Section 7.08(a), the clause clearly anticipates that the Parties are not to challenge the exclusive *jurisdiction* of the federal or state courts in Douglas County if a plaintiff elects to bring "any legal suit, action, proceeding, or dispute" there. However, the clause as to *venue* only provides that an action under the APA *may* be brought in Douglas County, Nebraska. "Any legal suit, action, proceeding, or dispute" is defined by the situation where a party elects to file "in the federal courts of the United States of America or the courts of the State of Nebraska in each case located in the city of Omaha and county of Douglas." While Plaintiff might have exercised his right under the APA to bring this suit in a federal or state court in Douglas County, he did not. Further, he is not required to bring it there.

IV.     **CONCLUSION**

For the reasons stated above, the Court finds that venue in this Court under the APA is not improper, and, as such, the Motion (Dkt. No. 10) should be and hereby is **DENIED**.

6

## So Ordered this

**Nov 18, 2024**

                                                                      RODNEY GILSTRAP
                                                                      UNITED STATES DISTRICT JUDGE